UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM BROWN, et ux<br>ROBIN BROWN,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED RADIO, INC., d/b/a BLUESTAR,<br>and BLUESTAR, INC.,<br><br>        Defendants. | No.: 3:06-CV-441<br>(VARLAN/SHIRLEY) |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendants' Motion to Transfer Venue [Doc. 6], in which they request that the Court transfer this action to the United States District Court for the Eastern District of Kentucky. Plaintiffs have filed a response [Doc. 10] in opposition to the pending motion to transfer and defendants have filed a reply [Doc. 13], thereby making this matter ripe for adjudication. For the reasons set forth below, the Court will grant defendants' motion to transfer.

**I.**   **Relevant Facts**

This action arises out of business dealings that defendants, United Radio Inc. d/b/a BlueStar ("BlueStar") and BlueStar, Inc., had with Computer Mart Enterprises, Inc., ("CME"), a corporation located in Anderson and Knox Counties, Tennessee, of which plaintiff William Brown was the president. [Doc. 1, Ex. 1 at ¶¶ 5-7; Doc. 8 at 2.]  Plaintiff

Robin Brown is the wife of William Brown and served as the personal guarantor of the debts of CME to defendant BlueStar. [Doc. 1, Ex. 1 at ¶ 16; Doc. 8 at 2.] Following a credit check, CME was authorized by BlueStar in August 1999 to begin purchasing goods from BlueStar on an open account. [Doc. 1, Ex. 1 at ¶ 8; Doc. 8 at 2.] Under the terms of this account, "Defendants would ship goods to [CME] in Tennessee and debit the corporation's ongoing, open account. [CME] would then send funds to Defendants on the open account." [Doc. 1, Ex. 1 at ¶ 8.]

In September of 2003, CME was carrying a balance of $17,632.04 in this account and as a result, issued BlueStar a check in the amount of $12,062.41 on or about October 1, 2003. [Doc. 1 Ex. 1 at ¶ 9; Doc. 8 at 2-3.] BlueStar then deposited this check, but was notified on October 3, 2003 that it was being returned for insufficient funds. [Doc. 8 at 3.] Plaintiffs argue that, at the time, "CME had more than sufficient funds in its bank account to cover the check," [Doc. 1, Ex. 1 at ¶ 11], and that it was a bank failure that resulted in the check being erroneously returned to BlueStar. [*Id.* at ¶ 14.] Defendants allege that CME has still not paid the $12,062.41 debt owed to BlueStar. [Doc. 8 at 3.]

On August 2, 2005, a criminal complaint was filed by the Commonwealth of Kentucky against William Brown in the Boone County, Kentucky District Court, resulting in a grand jury indictment of him "for theft by deception with intent to deprive BlueStar by obtaining property valued at $12,062.41 and passing a check that [he] knew would not be honored." [Doc. 8 at 3.] This indictment was later dismissed with prejudice. [Doc. 1, Ex. 1

at ¶ 31; Doc. 8 at 3.] Plaintiffs allege that William Brown was indicted only because defendants "falsely misrepresented facts before the grand jury." [Doc. 1, Ex. 1 at ¶ 27.]

As a result, on October 6, 2006, plaintiffs filed suit in the Circuit Court for Anderson County, Tennessee, alleging that defendants "did not have probable cause to commence a criminal proceeding against Plaintiff," [Doc. 1, Ex. 1 at ¶ 32], that they made "misrepresentations to the Grand Jury," [*id.* at ¶ 30], and in doing so, engaged in the torts of malicious prosecution and abuse of process. [*Id.* at ¶ 32.] Defendants removed the case to this Court on November 10, 2006 pursuant to 28 U.S.C. § 1441(a). On November 20, 2006, defendants filed a motion to dismiss [Doc. 4], as well as the pending motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [Doc. 6]. In it, defendants argue that the Court should exercise its discretion to transfer this action to the more convenient forum of the Eastern District of Kentucky. Plaintiffs oppose the motion to transfer [Doc. 10], arguing that defendants have failed to carry their burden of showing that the Eastern District of Kentucy would be a more convenient venue for this action.

**II.     Analysis**

Defendant proposes transferring venue to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"), the discretionary venue transfer statute. This statute provides as follows:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The threshold inquiry with any motion to transfer via § 1404(a) is whether the case "could have been brought" in the transferee court. Here, defendants assert [Doc. 8 at 1] and plaintiffs agree [Doc. 10 at 2] that this action could have been properly brought in the Eastern District of Kentucky, given that defendants are each incorporated in Kentucky, do business in Kentucky, and the amount in controversy exceeds $75,000. [*See* Doc. 1, Ex. 1]. Accordingly, the Court must now consider whether transfer of this action to the Eastern District of Kentucky is appropriate.

If venue is proper, as it is here, but another federal district court would be a more convenient forum, the case may be transferred pursuant to § 1404(a) to that other forum. As the Supreme Court has stated, "[s]ection 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The decision of whether to transfer under § 1404(a) is left to the discretion of the district court. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961). Accordingly, a district court's decision to grant a motion to transfer venue via § 1404(a) "should not be set aside unless there is an apparent abuse of discretion." *Nicol v. Koscinski*, 188 F.2d 537, 538 (6th Cir. 1951).

The party moving for the transfer of venue has the burden of showing that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by the transfer. *E.g.*, *American Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 261 (W.D.

4

Mo. 1980). Specifically, the moving party "must explain why the court should grant the motion for a change of venue; a stipulation by the movant merely asserting that transfer is sought 'for the convenience of the witnesses, parties, and in the interest of justice' is insufficient." WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3847. In this way, a plaintiff's original choice of forum is given "considerable weight," with "the balance of convenience, considering all the relevant factors, [needing to be] strongly in favor of a transfer before such will be granted." *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214 (S.D. Ohio 1989).

In determining whether to grant a motion to transfer venue via § 1404(a), a district court must consider and balance all the relevant factors to determine whether the litigation in question would proceed more conveniently and the interests of justice be better served through transfer to a different forum, thereby requiring a highly contextualized and case-specific inquiry. *Stewart*, 487 U.S. at 29. Within the Sixth Circuit, district courts generally consider the following factors:

> (1) convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Checuti v. Conrail*, 291 F. Supp. 2d 664, 672 (N.D. Ohio 2003) (quoting *MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F. Supp. 2d 729, 738-39 (E.D. Mich. 1998)). "In short, the Court may consider any factor that may make any eventual trial easy, expeditious and inexpensive." *Helder v. Hitachi Power Tools, USA, Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991). This can

include considerations of the public interest in local adjudication of the action in question, as well as the relative familiarity of the courts with the applicable law. *Checuti*, 291 F. Supp. 2d at 672.

Here, defendants argue that the Eastern District of Kentucky would be a more convenient venue for this suit because all of the actions giving rise to plaintiffs' claims of malicious prosecution and abuse of process occurred in Boone County, Kentucky, all of the sources of proof and witnesses related to plaintiffs' claims are located in Eastern District of Kentucky, and that Kentucky law will apply to this dispute. [Doc. 8 at 4, 8.] Defendants point specifically to the fact that "[a]ll witnesses with knowledge of the charges filed against William Brown are located within approximately 15 miles of the district courthouse in Covington, Kentucky" and that "Plaintiffs rely exclusively on documents filed in Boone County, Kentucky in support of their Complaint." [*Id.* at 7.]

In response, plaintiffs argue that even if this litigation could have been brought in Kentucky, it should not be transferred because "the present forum is most convenient for the Plaintiffs." [Doc. 10 at 3.] Plaintiffs question whether defendants will call all the witnesses they list in their motion to transfer, arguing that "[t]he only material witnesses are Mr. Wilcoxen and Mr. Bivins," both of whom, the Court notes, are located in the Eastern District of Kentucky. [*Id.* at 5.] Plaintiffs further contend that, when considered in light of defendants' strong financial condition," their "limited" financial assets support their choice of forum. [*Id.* at 6.] While plaintiffs admit that one of the "loci for the operative facts" in this case is "Kentucky where the Defendants pursued their malicious prosecution of Plaintiff in

include considerations of the public interest in local adjudication of the action in question, as well as the relative familiarity of the courts with the applicable law. *Checuti*, 291 F. Supp. 2d at 672.

Here, defendants argue that the Eastern District of Kentucky would be a more convenient venue for this suit because all of the actions giving rise to plaintiffs' claims of malicious prosecution and abuse of process occurred in Boone County, Kentucky, all of the sources of proof and witnesses related to plaintiffs' claims are located in Eastern District of Kentucky, and that Kentucky law will apply to this dispute. [Doc. 8 at 4, 8.] Defendants point specifically to the fact that "[a]ll witnesses with knowledge of the charges filed against William Brown are located within approximately 15 miles of the district courthouse in Covington, Kentucky" and that "Plaintiffs rely exclusively on documents filed in Boone County, Kentucky in support of their Complaint." [*Id.* at 7.]

In response, plaintiffs argue that even if this litigation could have been brought in Kentucky, it should not be transferred because "the present forum is most convenient for the Plaintiffs." [Doc. 10 at 3.] Plaintiffs question whether defendants will call all the witnesses they list in their motion to transfer, arguing that "[t]he only material witnesses are Mr. Wilcoxen and Mr. Bivins," both of whom, the Court notes, are located in the Eastern District of Kentucky. [*Id.* at 5.] Plaintiffs further contend that, when considered in light of defendants' strong financial condition," their "limited" financial assets support their choice of forum. [*Id.* at 6.] While plaintiffs admit that one of the "loci for the operative facts" in this case is "Kentucky where the Defendants pursued their malicious prosecution of Plaintiff in

order to collect a civil debt," [*id.*], they maintain their choice of forum should be honored. [*Id.* at 7.]

While transfer of this case may impose admittedly minor additional costs to plaintiffs given that it would require that they travel some 250 miles to Covington, Kentucky to litigate this matter, almost all of the other applicable factors to be considered by the Court counsel strongly towards transferring this suit to the Eastern District of Kentucky. Defendants operate out of Florence, Kentucky, all of their business records are located at their headquarters there, and they have neither offices nor employees in Tennessee. [*See* Doc. 8 at 1, 6; Doc. 10 at 2.] The parties also seem to be in agreement that all relevant witnesses in this matter are located in Boone County, Kentucky, with plaintiff merely questioning the number of witnesses defendants will call, not their current location. [*See* Doc. 10 at 5.] Furthermore, as plaintiffs themselves point out, [Doc. 10 at 6], the legal actions giving rise to this lawsuit occurred in the Eastern District of Kentucky and, accordingly, all documents and proof related to those actions are filed in the clerk's office of the Boone County District Court in Burlington, Kentucky. [Doc. 1, Ex. 1 at ¶¶ 19, 21; Doc. 8 at 7.]

Lastly, the Court cannot ignore defendants' contention that Kentucky law would govern this dispute. [Doc. 8 at 8; Doc. 13 at 1-2.] Plaintiffs admit this point, but also attempt to argue this fact does not counsel towards a transfer of venue given that "Kentucky and Tennessee law are similar on the issue of malicious prosecution" and that "[t]here are no 'exotic' questions of law involved." [Doc. 10 at 6.] This argument, however, is not convincing. Not only would the United States District Court for the Eastern District of

Kentucky be more experienced and likely superior to this Court in analyzing and applying the laws of its state to this case, but the fact that Kentucky law governs this dispute suggests to the Court that this lawsuit is, at its core, a Kentucky case.

Taken together, the Court is convinced that factors favor the Eastern District of Kentucky as the most interested and convenient forum and accordingly, will do more than simply shift the inconvenience of the litigation to plaintiffs. As defendants aptly note, [Doc. 8 at 7], the only relationship that this case has to the Eastern District of Tennessee is that plaintiffs happen to reside here. However, this alone does not outweigh the multitude of factors pointing in favor of transferring this case to the Eastern District of Kentucky.

**III.  Conclusion**

For the reasons set forth herein, defendants' Motion to Transfer Venue [Doc. 6] is hereby **GRANTED** and this matter is ordered to be **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky, Covington Division.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE